IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD WARNER<br>(BOP Register No. 43448-177),<br><br>Petitioner,<br><br>V.<br><br>RODNEY CHANDLER, Warden,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-1301-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Richard Warner, a federal prisoner incarcerated in the Northern District of

Texas and proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, in which he asserts two grounds for why his federal conviction and

sentence should be vacated – that he is actually innocent and that there was no

jurisdiction "to arrest, charge, try, convict, and sentence" him – and further claims that

28 U.S.C. § 2255 affords an inadequate or ineffective remedy. *See* Dkt. Nos. 3 & 4. This

habeas action has been referred to the undersigned United States magistrate judge

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States

District Judge Sidney A. Fitzwater. The undersigned issues the following findings of

fact, conclusions of law, and recommendation that the Court should summarily dismiss

Warner's Section 2241 petition for lack of jurisdiction.

**Background**

Shortly after receiving a letter indicating he was a target of a federal criminal

-1-

investigation related to distribution, receipt, and possession of child pornography, Warner was appointed counsel, and, one month later, a single-count information charging him with transporting and shipping child pornography, in violation of 18 U.S.C. § 2252(a)(1), was filed.

Warner pleaded guilty pursuant to a written plea agreement. And, after several continuances to accommodate the parties' extensive briefing as to sentencing issues, Warner was sentenced to 210 months' imprisonment on January 23, 2013.

He did not file a direct appeal. But, on October 8, 2014, the Court summarily denied his initial, timely-filed Section 2255 motion, through which Warner raised claims that he was convicted of a criminal action ("shipping" and "transporting" child pornography "though the internet") of which he is actually innocent; that his sentence is unconstitutionally disproportionate to his offense of conviction; and that his counsel was ineffective because he failed to address the first two claims. *See Warner v. United States*, Nos. 3:14-cv-333-P & 3:11-cr-233-P (01), 2014 WL 5032731 (N.D. Tex. Oct. 8, 2014), *appeal dismissed*, No. 14-11324 (5th Cir. Apr. 8, 2015).

### Legal Standards and Analysis

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Gatte v. Upton*,

No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)); *Montgomery v. United States*, EP-15-cv-373-PRM, 2016 WL 592846, at *5 (W.D. Tex. Feb. 11, 2016) ("a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief" (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming such a summary dismissal))).

The Fifth Circuit recently summarized the law applicable to Warner's Section 2241 petition, in which he has invoked Section 2255's "savings clause," *see* 28 U.S.C. § 2255(e):

> Section 2255 provides "the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241, on the other hand, is used to challenge "the manner in which a sentence is executed." *Id.* A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion. *Id.* at 877–78. However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

-3-

*Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016) (per curiam).

Asked to explain why Section 2255 "is inadequate or ineffective to challenge [his] conviction or sentence," Warner states: "Plea Agreement forbid appeal and/or 2255 challenges except for ineffective assistance of counsel. This challenge is to the lack of jurisdiction of the Court as shown by the caselaw cited in the accompanying Memorandum of Law. Saving clause allows habeas challenge." Dkt. No. 3 at 5; *see generally* Dkt. No. 4, memorandum of law (citing various federal court decisions for the proposition that broadband internet providers do not provide "telecommunications service," as defined in Title II of the Communications Act of 1934); *see also* Dkt. No. 4 at 11 ("at the very least, by the time of [a 2005 Supreme Court] decision, it is obvious that jurisdiction was lacking for the Government and/or its agent to interfere with Petitioner").

Warner fails to show that Section 2255 is inadequate or ineffective. His Section 2241 petition raises no claim "that is based on a retroactively applicable Supreme Court decision" – which "establishes that the petitioner may have been convicted of a nonexistent offense" – and that "was foreclosed by circuit law at the time when it should have been raised in [his] trial, appeal, or first § 2255 motion." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 (N.D. Tex. July 23, 2015) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904). Because Warner "has not met all three criteria required to invoke the savings clause," Section 2255(e), his claims are "not cognizable in a § 2241 petition," and the Court is "without jurisdiction to consider the petition." *Id.* at *2 (citing *Christopher v. Miles*, 342

-4-

F.3d 378, 385 (5th Cir. 2003)).

## Recommendation

The Court should summarily dismiss the petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 16, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE